UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05cv23-R

KY IMPORTS, INC.,
PETITIONER

v.

UNITED STATES OF AMERICA,                                                    RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the Court on the Respondent's Motion for Summary Judgment (Docket #16). The Petitioner, Ky Imports, Inc ("Ky Imports") has responded (Docket #20), and the Petitioner, the United States of America ("Government") has replied to that response (Docket #24). This matter is now ripe for adjudication. The following reasons, the Respondent's Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

This matter concerns whether the Petitioner committed willful violations of firearm regulations 18 U.S.C. §923(f)(2) and 27 C.F.R. §478.74, et al, otherwise known as the "Gun Control Act" ("GCA"), when the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") inspected the Petitioner's store in March 2003. Ky Imports is a firearms dealer in Louisville, Kentucky that sells 8,000 to 10,000 firearms annually, with an average inventory of 10,000 to 20,000 at any given time. Paul Pierce ("Pierce"), the owner and president of the company, has individually been licensed to deal in firearms for over thirty (30) years, while Ky Imports has been in business since 1986.

Persons and businesses in possession of a Federal firearm license are regulated by the ATF and subject to periodic compliance inspections to insure that required records are being

maintained. Federal licensing laws mandate that licensees maintain two (2) record keeping requirements for all firearms, including: 1) a "bound book," reflecting the acquisition and disposition of each firearm that enters its inventory; and 2) obtain a Firearms Transaction Record, ATF Form 4473, every time a firearm is transferred to a non-licensed person. The ATF Form 4473 contains information about both the purchaser and the firearm(s) being sold to the purchaser. A licensee who willfully violates any provision of the GCA may have their license revoked by the ATF.

In September 2000, an ATF inspection revealed that seventy-nine (79) firearms were missing or stolen from Ky Imports. Ky Imports did not record these dispositions in their bound book, nor did they file a police report within forty-eight (48) hours of discovering the weapons were missing. In addition, the 2000 ATF inspection revealed that Ky Imports had fifty-two (52) errors/omissions on forty-two (42) of its ATF Form 4473s.

In March 2003, ATF Agent Patricia Slaughter ("Agent Slaughter") conducted a regulatory inspection of Ky Imports' store. ATF decided to conduct the inspection at that time because Ky Imports had seventy-nine firearms missing in 2000 and the son of Paul Pierce, Matthew Pierce ("Matthew"), had at that time become the subject of a criminal investigation involving firearms and illegal narcotics trafficking. Matthew had been an employee of Ky Imports in 1999.

After completing the site audit, the ATF issued a notice to Ky Imports indicating that it intended to revoke its firearms license. Specifically, Agent Slaughter found that the handwritten "bound book" of the Petitioner was approximately sixty (60) days behind. The inspection also revealed that Ky Imports could not account for seventy-seven (77) firearms that were supposed

to be in inventory.  In addition, Agent Slaughter found errors on many ATF Form 4473s.  Of the 720 forms reviewed, Agent Slaughter found errors on forty-two (42) forms.  Further, Agent Slaughter discovered an additional 121 errors on handwritten entries in its bound book, including sixty-three (63) instances where the date of the firearm acquisition was different than the date the firm was listed as distributed.

On September 22, 2004, an administrative hearing was held under 18 U.S.C. §923(f)(2) and 27 C.F.R §478.74.  The Hearing Officer and ATF Industry Operations Investigator ("IOI") determined that Ky Imports had committed at least seven (7) willful violations of the GCA and recommended that its firearms license be revoked.  Included in these findings that Ky Imports had willfully violated the GCA were that Ky Imports: failed to maintain its bound book; that it had failed to obtain the required purchaser certifications on ATF Form 4473s; and that it had failed to properly maintain ATF Form 4473s.  Two (2) months later on November 17, 2004, after the ATF Director of Industry Operation reviewed the record and determined that Ky Imports had committed four (4) willful violations, final notice of revocation of Ky Imports' firearms license was issued to the Petitioner.  The ATF Director of Industry Operations determined that Ky Imports committed four willful violations of the GCA: 1) failing to properly maintain its bound book; 2) failing to obtain the required purchaser certifications on ATF Form 4473s; 3) failing to properly maintain ATF Form 4473; and 4) making false statements with regards to its bound book records.  Ky Imports has appealed to this Court to review those findings.

## STANDARD

"Notwithstanding the posture of this action as an appeal from an ATF administrative decision, the summary judgment standard is unchanged. Just as in other kinds of disputes, '[a]

district court may grant summary judgment when reviewing a firearms license revocation pursuant to 18 U.S.C. § 923(f)(3), provided no issues of material fact are in dispute.'"*Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 348 F.Supp.2d 1299, 1307 (S.D.Ala.2004) (*citing DiMartino v. Buckley*, 19 Fed.Appx. 114, 115, (4th Cir. 2001)).

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). [N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).

Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d

1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

Under 18 U.S.C. § 923(f)(3), a party whose license to deal in firearms is revoked after an administrative hearing may "at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a de novo judicial review of such denial or revocation." 18 U.S.C. § 923(f)(3). The district court "may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing." *Id*. If the district court finds that the ATF wrongly denied or revoked a petitioner's license, then 'the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court." *Id*.

The ATF's decision is entitled to "no presumption of correctness," and the district court "may attach such weight, if any, as it deems appropriate to the ATF's determinations and decision." *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 348 F.Supp.2d 1299, 1306 (S.D.Ala.2004); *see also 3 Bridges, Inc. v. United States*, 216 F.Supp.2d 655, 657 (E.D. Ky.2002) (ATF's "administrative decision is not clothed in this Court with any presumption of correctness"). The district court "need not accord any particular weight" to the ATF's decision, but may, in its discretion, give the decision such weight as the court believes it deserves. *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir.1980).

The district court must allow the parties an opportunity to present additional evidence, even if that evidence was not presented to the hearing officer. 18 U.S.C. § 923(f)(3); *see Trader Vic's Ltd. v. O'Neill*, 169 F.Supp.2d 957, 961 (N.D. Ind. 2001) ("[P]etitioners can properly supplement so long as the evidence meets the other requirements of relevancy and admissibility under the Federal Rules of Evidence.'). Nonetheless, the district court need not hold an evidentiary hearing in reviewing the ATF's decision. *See Perri v. Department of Treasury; Bureau of Alcohol, Tobacco and Firearms*, 637 F.2d 1332, 1335 (9th Cir.1981); *DiMartino v. Buckley*, 19 Fed.Appx. 114, 115, 2001 WL 1127288, at *1 (4th Cir. Sept. 25, 2001)." *Clust, Inc., d/b/a Cash to Go Pawn Shop v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 2005 WL 1651794, at *3-4 (S.D. Ohio 2005) ("*Clust*").

## DISCUSSION

The Petitioner makes three (3) arguments in its response to the Government's motion for summary judgment. First, Ky Imports contends that the ATF applied the wrong definition of "willful" when it made its determinations in 2004. Second, Ky Imports asserts that the ATF had an internal disagreement between the two (2) hearings held regarding whether Ky Imports committed willful violations, indicating a genuine dispute of material fact. And, lastly, Ky Imports argues there are material facts in dispute in this matter because of the criminal investigation of Matthew Pierce, the son of Paul Pierce. The Court will address each of these arguments separately.

### 1. Definition of Willful

The Petitioner argues that the districts within the Sixth Circuit are split as to the definition of "willful" in determining whether or not a violation committed by a firearms

licensee was willful, and asks the Court to abide by the definition applied by the Southern District of Ohio. In the most recent Southern District of Ohio case on point, the Court, in addressing the meaning of willfulness, stated:

> [t]he Court thus finds that Clust understood its obligations under the GCA. Further, Clust knowingly failed to abide by those obligations. The March 2003 inspection uncovered 195 violations (not counting the background check violations), 182 of which were of the type that Clust had committed before during the May 2001 inspection. "Courts have routinely found sufficient evidence of willfulness, as a matter of law, where a licensee engaged in repeated violations after being advised of recordkeeping defects by ATF inspectors on prior occasions." *Willingham Sports*, 348 F. Supp. 2d at 1310 (S.D.Ala.2004).

*Clust*, 2005 WL 1651794 at *5. In *Clust*, a case similar to the instant matter, the ATF filed a motion for summary judgment to uphold the decision to revoke the firearms license of a pawn shop. *Id.* at *1-2. *Clust* had failed to maintain its bound book and had also improperly filled out its ATF Form 4473s. *Id.* at *5. Similar incidents had taken place at Clust since 1996, and additional inspections in 2001 and 2003 demonstrated repeated violations. *Id.* The Court held that these repeated violations demonstrated a willful violation of the GCA. *Id.* As such, the most recent decision by the Southern District of Ohio applied the same reasoning used by the ATF when it determined that Ky Imports should have its firearms license revoked for committing repeated and willful violations of the GCA.

This interpretation of the word "willful" is consistent with other courts in this circuit. The Sixth Circuit Court of Appeals, in *Appalachian Resources Development Corporation, d/b/a Bend of the River v. Harry L. McCabe, III*, examined the meaning of the word "willful" for purposes of the GCA, and held that "[t]he majority of the circuits, including the Sixth Circuit, have consistently held that where a licensee understands his or her legal obligations under the GCA, yet fails to abide by those obligations, his or her license can be denied or revoked on the

7

basis that the dealer 'willfully' violated the GCA." *Appalachian Resources Development Corporation, d/b/a Bend of the River v. Harry L. McCabe, III*, 387 F.3d 461, 464 (6th Cir. 2004). This interpretation is also consistent with the Eastern District of Kentucky decision in *3 Bridges v. United States*, 216 F. Supp. 2d 655, 659 (E.D. Ky. 2002) (holding that a firearms licensee committed a willful violation where a "[p]etitioner understood the requirements of the law but knowingly failed to follow them or was indifferent toward them"). Accordingly, the ATF applied the appropriate definition of willfulness in its administrative hearings.

### 2. Internal Disagreements among the ATF

Of the ten (10) initial violations found by the ATF Hearing Officer in September 2004, seven (7) of them were determined to be willful. In reviewing that decision in November 2004, the ATF Director of Industry Operation found only four (4) of those violations to be willful including: 1) failing to properly maintain its bound book; 2) failing to obtain the required purchaser certifications on ATF Form 4473s; 3) failing to properly maintain ATF Form 4473; and 4) making false statements with regards to its bound book records. Ky Imports argues that this internal disagreement somehow demonstrates there is an issue of material fact, and thus the Government's motion for summary judgment should not be granted. However, despite a disagreement, the Director of Industry Operation still determined that Ky Imports had committed four (4) willful violations. Ky Imports does not challenge these findings in its response.

As determined by the Eastern District of Kentucky in *3 Bridges*, "'[a]ny single violation of the federal statutes or regulations controlling the firearms industry can be a basis for denying an application for a new license or revoking an existing license.'" *3 Bridges*, F. Supp. 2d at 1307 (*quoting DiMartino v. Buckles*, 129 F.Supp.2d 824, 832 (D. Md.2001); *see also Willingham*

*Sports* at 1307.  Here, the Petitioner had a series of repeated violations over a period of three (3) years and two (2) investigations.  Both of these investigations concluded that Ky Imports had failed to properly maintain their bound book and fill out their ATF Form 4473s, and had also made false statements concerning these GCA required procedures.  Thus, a single repeated violation by Ky Imports would be sufficient to revoke their firearms license for a willful violation of the GCA.  Accordingly, the internal dispute amongst the ATF does not imply a genuine issue of material fact necessary to preclude summary judgment under FRCP 56.  Further, a *de novo* review of the record shows there is no dispute that Ky Imports failed to properly maintain their bound book and fill out their ATF Form 4473s and had also made false statements concerning these GCA required procedures.

### 3. The Situation of Matthew Pierce

In early 2003, federal authorities began an investigation of Matthew Pierce; the son of Paul Pierce and a former employee of Ky Imports.  Matthew allegedly stole firearms from Ky Imports, smuggled the weapons to Canada in exchange for drugs, which he brought back to the United States and sold.  The Petitioner claims that any inconsistencies in their books and forms may have resulted from the actions of Matthew.

Despite this assertion, a firearms licensee still has a duty to properly maintain its bound book, properly fill out the ATF Form 4473s and make honest documentation of all transactions involving firearms.  The actions by Matthew Pierce do not relieve Ky Imports of their obligations.  Additionally, the Court sees no direct relation with the alleged crimes of Matthew Pierce and a failure to maintain and truthfully report certain items as required by the GCA.  Accordingly, the actions of Matthew Pierce do not relieve the Petitioner of its duties to be

accountable under the GCA.

## CONCLUSION

For the foregoing reasons, the Respondent's Motion for Summary Judgment is **GRANTED**.

An appropriate order shall issue.